a street car must be run under any given circumstances, nor does it require that street cars be run at such a low rate of speed that would prevent the practical operation of the railroad's business as a public carrier of passengers. There is no law limiting the rate of speed to any given number of miles. The law only requires that those operating the car exercise towards passengers the highest degrees of practicable care, as defined by these instructions, and if you believe from the evidence, and under the instructions, that the rate of speed at which the car was being run at the time and place of the accident was, under the circumstances in evidence in this case, not inconsistent with the exercise of the highest degree of practicable care as defined herein, on the part of those in charge of the car, then no negligence can be chargeable to the defendant in the operation of the car on the ground of the speed at which it was running," *held* not prejudicial error where it was not contended that the defendant was limited to any particular speed and all that was material in the instruction was included in another instruction given.

7. DAMAGES, § 211*—*when evidence justifies instruction to allow for future suffering and loss of health.* The giving of an instruction directing the jury to consider evidence of "future suffering and loss of health" in determining the amount of damages, *held* not objectionable on the ground there was not evidence to justify consideration of such matters, where there was proof that plaintiff was suffering from a recurrence of pains in his head and dizziness up to the time of the trial.

---

## Advance Amusement Company, Appellee, v. Frederick H. Franke, Appellant.

### Gen. No. 19,826.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed October 6, 1914. Rehearing denied October 16, 1914.

### Statement of the Case.

Action by Advance Amusement Company against Frederick H. Franke to recover the sum of twenty-five

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

hundred dollars deposited by plaintiff with defendant pursuant to the terms of a lease. Plaintiff on March 11, 1912, leased certain premises of defendant for a term ending February 28, 1917, at a rental of three hundred and fifty dollars per month. By reason of default and failure to pay rent for December and a portion of the rent for November, 1912, the lessor, after giving the statutory five days' notice, brought suit for possession of the premises, obtaining judgment therefor December 17, 1912. In the present suit plaintiff recovered a judgment for the sum of the deposit, less the amount of rent that had accrued and remained unpaid to the date of the termination of the lease as aforesaid. To reverse the judgment, defendant appeals.

SONNENSCHEIN, BERKSON & FISHELL, for appellant.

T. F. MONAHAN, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. DAMAGES, § 88*—*when sum named in lease as liquidated damages construed as penalty.* A provision in a lease that in the event the lease shall be terminated by reason of a breach of the second party of any of its terms and conditions by him to be performed, "then and in such event the party of the first part may at his option retain as for and in full of liquidated damages" a certain stipulated sum, construed as providing for a penalty instead of liquidated damages in view of the use of the words "at his option."

2. DAMAGES, § 88*—*when stipulated sum will be construed not liquidated damages.* Where there is language in the contract indicating that the damages that may arise from its breach were not irrevocably fixed and settled by the parties, the inference would be against the conclusion that a stipulated sum was intended as liquidated damages, even though the parties so denominated it.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.